Mr. Brennan and Mr. Weickhardt. Mr. Brennan you have 20 minutes and if you want some rebuttal you'll have to kind of watch the clock yourself and save it otherwise we'll probably use it all for you in our questions. Well it might be a little tough this depends on the questions. Is it all right to put a plastic cup on the lectern like this? Is that okay? With water? Thank you. Are you all ready? We are. Honorable Justices thank you very much for taking the time to to hear the appeal on this matter. Give your name for the record please. Oh sure my name is Robert Brennan B-R-E-N-N-A-N Brennan, Weiner & Associates, La Crescenta, California. What Chase is asking for in this case is an absolutely gaping safe harbor taking away effectively all protections for identity theft victims that cannot use the Fair Credit Reporting Act. Well just a minute before you even get there if that's where you're going as I understand it you voluntarily dismissed your suit against Great Seneca? That's correct. And settled with Experian? Correct. Now these were the ones who had the claim at that point weren't they? At the time that Mr. Sette was sued Great Seneca was the owner of the claim Experian never owned the claim Experian was just the credit reporting arm of this particular dispute. Then you answered the Great Seneca who had the claim against? They were voluntarily dismissed because we could not serve them. Then what happened is we found out some other aspects of the situation with Great Seneca and we brought a class action in the state court as Mr. Weikert has pointed out against Great Seneca for their conduct not only with respect to Mr. Sette but also a class of persons. Well my worry is that Great Seneca had the claim at the time they were the ones who were pursuing the claim were they not? They were pursuing the claim yes your honor. And they were the ones you voluntarily dismissed against correct? In the federal court yes your honor. And you also voluntarily dismissed your FCRA and your FDCPA claims against Chase? That is correct. Now with that if in fact one looks at who's trying to go after your client. They were chasing them at the point of the filing of the lawsuit against my client yes your honor. Now there's another thing that I want to kind of clear up. Jurisdiction. What jurisdiction do we have in this case? You're the one who raised it. We raised it when we we raised it by filing an FCRA claim which involved Experian. I understand and then you dismissed. That's correct. What federal jurisdiction do we have? At this point your honor I would argue none. I think that the only jurisdiction that exists in this point would be the pendent or supplemental jurisdiction which I believe Judge Real exercised by holding on to the case. Did he ever say that he exercised pendent jurisdiction? I do not recall him saying that your honor. Did he ever make any decision regarding that? I do not recall that it was ever a litigated issue. I believe in fairness to the record I don't believe that it was briefed. I believe that the trial I'm sorry at the the pretrial conference I pointed out to Judge Real that the only remaining claim was a state law claim and did he want to continue and basically the answer was yes and that's when he granted summary judgment. Did he ever put it in the record? Not that I'm aware of. Don't we have to worry about that on our own? Yes. Now my understanding of the law is that if there were valid federal claims which were dismissed the district court judge could exercise his discretion to keep the state claims and adjudicate them but I think premised on that there would have to have been valid federal claims to begin with. I agree with you and one of the points of this appeal is that there were no valid federal claims that Mr. Satay could use to pursue against Chase and I believe I explained this in my brief but for there to have been a valid federal claim there would have had to have been a notification from Experian down to Chase and that did not occur. So I think the answer is yes. The only claim. We don't know from Judge Real what he was thinking do we? That would be correct. Now on the issue he also found some preemption didn't he? Did he give any reasons for that? No. I don't want to use the word baited but I will use the word baited. I tried to bait him into saying why he was finding preemption and he just and it's in the record he just said I found there's preemption. He didn't say it was conflict he didn't say it was express he didn't get into what kind of preemption it was and that obviously for both Mr. Weichert and myself it increased the size of our briefs by three-fold because we had to are we I guess if we decided that he didn't have jurisdiction over the state claims that would be the end of it but I guess we have to explore all routes so I guess we probably need to explore preemption here and it's kind of a complicated issue because there were a lot of amendments to the federal statute and there was some field preemption. Now your opposing counsel says that all of these issues about the conduct of chase in respect to looking at identity theft case have been preempted by field preemption. I think you need to address that. I'm going to jump right into preemption right now. As I'm sure my opposing counsel did I haven't spent several days trying to distill what is the confusion in this case and I think I've distilled it and I'd like to share it with the court and obviously jump in if you have questions. 1681 TA says effectively that there are very very narrow areas of express preemption. It is a limited express preemption. I can agree with you on that but then B says these areas are preempted. It says it says these those are the specific narrow areas. And one was improper reporting and another is sale. No the sale I well 1681 TB5F and 1681 MF I have a tough time understanding why those are not relating to the sale. The sale your honor the sale of the account is only upon notification pursuant to C2 pursuant to C2 from a credit reporting agency that this is identity theft account. See the problem is that what what makes this a failed appeal is that did not happen here. That's why FCRA does not apply. Experian never said to Chase this is an identity theft account you cannot sell it. Because Experian didn't do that FCRA does not apply. Chase never violated the FCRA which is why we dismissed it in the federal court. If Experian had some point or another notified Chase that this was an identity theft account and thereafter sold it then we would have a potential of an FCRA violation. That did not occur. Stay behind the mic. I'm sorry I'm sorry but I a bad habit. I apologize. I guess what and the good judge is going in the same way I'm going. I'm looking at express preemption implied preemption and I'm not sure we've got something there. But then the preemption by conflict which is is state law to play displaced to the state law and here we're really talking about the diligent investigation as it relates to that as to whether it is preempted. Now and that really takes us into we have to look at what the laws what the potential laws are and how they relate to one another and I guess you can comment about that but it seems to me that's the question. Well I think I can harmonize it. I at this point your conflict. If you read Nelson versus MVNA which is a case cited by Mr. Weicker what it basically says if you boil it all down is it says you need to do a diligent investigation. That was an FCRA case where basically the credit reporter the furnisher did receive notification from Experian I believe it was that there was false credit reporting and we had some low-level employees sit at a the record of the account on the computer terminal and say that the credit reporting was accurate. I think it was I believe it was the fourth this the Fourth Circuit said that that is not a diligent investigation. I'm not familiar with whether they used the word diligent but if you read Nelson and if you read the California identity theft law which requires a diligent investigation they're talking about the same thing. There is no conflict. Yes on a Was there testimony from the clerk that the person who purchased the goods did not look like your client? That was that was in his deposition and that was also a conflict in the police report. He described and again I don't want to I don't I don't want to step over the line in terms of a racial description but he effectively described a black guy and my client is a very light-skinned Middle Eastern guy. So I mean it could not have been the same ones and Mr. Weichert points out that unfortunately the Revin declaration was not included in the appellate record. We can obviously get the court a copy but the final pretrial conference order includes a very detailed statement of disputed facts from both the plaintiff and the defendant signed by Mr. Weichert and myself and those facts are included in there. So they're part of the record. So the issue is whether if we're looking at whether there was a diligent investigation as to whether Chase had an obligation to talk to the clerk and say well what did this guy look like? I believe that is not how I see the diligent investigation. The diligent investigation that I see in this case is that Detective Moncario's and my expert all believed that if there was any bad odor about this particular theft situation it probably accrued to the merchant itself or people that the merchant was dealing with. I mean in short it was an inside job. That was never considered or investigated by Chase because to do so would have been basically to eat the $8,600 that was charged up on this particular occasion. But we don't even have to get there because if you look at the record and if you look at the disputed facts in the record it was not even an effort to sign it. It was printed and it bore no resemblance to the signature exemplars, the numerous signature exemplars that my client provided to Chase. Now I guess I want to go back to whether California whether Chase is even a claimant. I'm ready to discuss that if you want. Because as I read claimant it says a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured by through identity theft. Chase doesn't have or purporting to have a claim. They sold it. Well but they had the claim. But had is not here. Well a person who has or purports to have. Your Honor as I discussed in my reply brief I went into the California civil code and I found two other instances which are cited in the brief and I could have cited a hundred others where basically the conduct which violates the California statute is couched in the present tense. But if you take the identity theft statute and you say and you look at the statute of limitations argument which says new or should have known. Past tense, past indicative. That's just when your client brings the case. It has nothing to do with what the claimant is. That's why I say to myself why is not Great Seneca the claimant. Well Great Seneca certainly had or purported to have a claim and your client could have brought the action then and the thing that's even more worrisome to me is the California civil code section 14 which is the code that California used to interpret its statutes does not say that we go to the past. In fact if you read what it says and I read that statute pretty carefully so that I could be future as well as the present has nothing to say about the past. In construing statutes the use of the verb tense by the legislature is considered significant. So I look at California's law and I say who has or purports to have and I look at California civil code which is their dictionary act as to how to construe their statutes and it says I can go to the future or I can use the present but I can't use the past and you want me to use the past. I want you to follow the statute of limitations argument. Well but the statute of limitations says that you bring your claim when you find it and you might find it four years as long as you find it you have four years to bring it. Well you found it and somebody else was bringing it against you then. So you had the chance then to bring it against Experian or Great Seneca but you dismissed them. May I please be heard on this? Sure. Okay. Very important point for you to understand here. That means that Chase can basically do whatever they want to do and then as soon as my client raises either by a direct complaint or a cross complaint the California identity theft law Chase dismisses or sells the account and says we are no longer a current claimant. Yet they could sell it to someone who was bankrupt. Well whatever they do with it the point is is that they violated. But assignment law is pretty simple. When you assign something to somebody else they become responsible for having to have the assignment. They always have the right to go back against that who assigned them but it doesn't necessarily take away from the fact that the person who then can use the identity theft statute as the defense or as whatever you want to use it doesn't eliminate the claim. And in this particular action Chase eliminated the claim. Rolled it off. But after they had violated the statute, Your Honor. And that's the point. They had violated the statute and then my client learned about it and then brought the action against Great Seneca. I mean if you call someone, I know it's a dramatic example, but if you say someone is a rape victim it doesn't mean that they are currently at that moment being raped. It means that they have been raped in the past and I think that that's how the statute is indicated. If you look at, do we have any case law on point in California that suggests that I ought to put past in this statute? Yes. And that is cited in my reply brief and it is the sections of the page 6 of the reply brief. The phrase should have known clearly applies to conduct occurring in the past rather than conduct presently occurring at the time the claim is being filed. And then I cite about four cases. But none of them are applicable to this statute. Well, Your Honor, this statute is new. I believe in candor and hearkening to the jurisdictional argument, I believe that you will be the first court rendering any kind of decision on this statute. I'm happy to answer any more questions right now. I would like to reserve a minute or two of rebuttal. If there are any burning questions, otherwise I'm going to sit down. Thank you. Okay, thank you. May it please the Court. George Whitehardt representing Chase Bank USA. I first want to address the question of jurisdiction. First of all, the FICRA claim was never dismissed. There was a stipulation circulated to that effect, but it was never signed and no order was ever signed by the judge dismissing the claim. I move for summary judgment. The FICRA claim was still in the action and I briefed it and it was only when the opposition brief was filed that a statement was made that no effort would be made to defend that claim. But it was not dismissed. That claim was never dismissed until the summary judgment was granted. Now, I'm So that's enough for us to surmise that the Honorable Judge Reel took pendant jurisdiction? Yes, well, I think it is, Your Honor, because he had, as a federal claim alleged, it doesn't have to be a valid federal claim. As long as there is a federal law claim alleged, that is sufficient for federal jurisdiction. What's the case on that, counsel? Pardon, Your Honor? What is the case that says that it doesn't have to be a valid claim? Well, you know, Your Honor, I'm not – I didn't know that that particular point would come up and I can't cite you a case. I've cited a case to that effect in numerous removal petitions that I've But you could furnish us a case that it doesn't have to be a valid federal claim. I could. In order to have federal jurisdiction, it's my understanding that you only have to allege a federal claim to remove the case. Now, would it stay in great detail? But it's of great concern, I think. Well, I did – I did brief this issue on page 5 of my brief. And the test in the Ninth Circuit is that if the state – if the federal claim is dismissed, the court can exercise supplemental jurisdiction using the factors of economy, convenience, fairness, and comity. And the later in the case the federal claim is dismissed, the more of those factors weigh in favor of the court exercising the supplemental jurisdiction on the state claim. Here, the – Well, and I appreciate that you're arguing these things. And I guess all we're trying to do is test you to the very end because we really don't have anything in this record which is somewhat discouraging to us that Judge Reel ever took Well, Your Honor, I think – I don't think he has to say that. I think that as a matter of law, he has pendant jurisdiction as long as there is a federal claim. And he didn't do enough to raise the complaint such that he'd even have to talk about it? Well, it – That's what you're suggesting? Well, the federal claim was still in the case when the motion for summary judgment was argued. That's all I'm – All right. All right. Now, let me go on to whether Chase is a claimant. And of course, the statute says a claimant is a person who has or purports to have a claim. And then it defines that the cause of action is, quote, to establish that the plaintiff is a victim of identity theft in connection with the claimant's claim against him. And you're correct, Your Honor, that Great Seneca owned this claim at the time the present action was brought. Chase had sold the claim to another company two-and-a-half years before this lawsuit was brought. And it had absolutely no contact with Mr. Sady during that interval. And it had no control over what the companies that owned the claim could do. It had, in fact, it had divested itself of all right, title and interest to the claim. Counsel, are you saying that – let's assume that Chase didn't do what it should have in respect to the identity theft. Can it relieve itself of all liability by selling the claim? Well, Your Honor, let's assume that it sold it to a bankrupt company. Well, Your Honor, that's what the statute says, is that you have to – I think the statute says you have to own the claim at the time the action is brought, okay? And you – and the action was brought against the claimant, and complete relief could have been obtained by getting a declaration against Great Seneca that this claim is invalid, and you are enjoined from collecting it. It would not have done any good to sue Chase independently and get that declaration because that wouldn't bind the person that owned the claim. So the owner of the claim could lose out, and this guy could be completely protected because he's shown that there was a problem with the They can't collect it from him if he can show that there was identity theft and that it was improperly processed. Is that right? That's right. I mean, he can get a declaration and an injunction against whoever owns the claim at the time. Now, what does he say that my client did? And I think that's important here because my client – there's no evidence in the record whatsoever that my client ever tried to collect this debt in the sense of sending collection letters or collection calls. What was said in the opposition to the motion for summary judgment is, number one, that my client didn't properly investigate the claim, two, that it sold the account, and three, that it reported the account to credit reporting agencies. There was no contention that my client tried to collect this claim. So the case has to focus on those three alleged violations because those are the only ones in the record. Let me ask one more thing. Did you raise this issue that you were not the claimant under the statute before the district court? Most definitely, Your Honor. That was the first thing in my brief. To the district court? Definitely, Your Honor. Okay. Now, the district court stated that he was granting my motion on the basis of preemption, and he said specifically that it was as to the particular issues in this case. He was not ruling that the entire statute was preempted. He said it's only preempted as to the particular issues that are before me. And he said that from the bench. Now, let's go to preemption now. There are three violations, and the issue is, is the State statute has applied to these three narrow violations preempted by the FCRA. And I'm not arguing or contending that the entire California identity theft statute is preempted. And so there's not going to be any gaping hole, as Mr. Brennan says. I'm only arguing as to these particular violations, is there, first of all, a field, express field preemption. Now, I think Plano completely misinterprets 1681T. He argues essentially that it's only a conflict preemption provision. And 1681T-A is a conflict preemption provision. Okay? If the State law and Federal law are inconsistent, then the State law is preempted. But B is an express field preemption provision, because it says ---- Well, Your Honor, I have to apologize for the statute, because it has 34 subparts, and it's even difficult to refer to it, because you have to say the subpart, subsection. But the whole case is in that statute, and I can boil it down to this. That statute says there is no ---- that there can be no requirement or prohibition imposed under State law in the three areas that we're concerned with here. Number one, credit reporting. Number two, sale of the account. And number three, type of investigation required. And we're not talking in field preemption about some theoretical conflict between State and Federal law. We're talking about express ---- an express statement of congressional intent that there should be no requirement or prohibition imposed under State law in these particular areas. Now, if you would just give to me the specific sections that you say are the ones that Federal law ---- Yes. Okay. So first of all, credit reporting. Okay. What's the number for that? All right. So it's 1681TB1F. And that preempts State law as to, quote, responsibilities of persons who furnish information to consumer reporting agencies. And now ---- Okay. What's the next one? As to the sale of the account, the substantive provision is 1681MF. And then for the preemption provision, you again go to 1681T, and that's 1681TB5F. Okay. And then for the investigation, the substantive provision saying that the Federal banking agencies are to adopt regulations regarding identity theft with respect to account holders, that's 1681ME. And then the specific field preemption provision is, again, the same as the previous one, 1681TB5F. Correct. So, again, we have in those specific sections a specific and expressed statement of congressional intent that Federal law occupies these particular areas. Now, they did not say that all identity theft statutes under State law are preempted. They ---- it was a very narrow preemption, but it's exactly what we're talking about here. Well, let's talk about ---- let's go through them one by one. Credit reporting, I don't think there's really any dispute as to that, that any ---- that if the State statute purports to regulate credit reporting in any way, it's plainly preempted by FCRA. There are 20 cases that say that the State can't regulate this area, and they all agree that the State cannot pass statutes that regulate credit reporting. So I think that would be ---- I think counsel is brief as suggested to the similar. All right. Go ahead. So under sale of the account now, I should say under sale of the account, first of all, I don't think the California identity theft statute even addresses this issue. It doesn't mention sale of the account. And selling an account is not pursuing it for collection. It's the very opposite. You are divesting yourself of the right to pursue it. So I don't think that's a violation of the State statute to begin with. But even if it is, it's preempted because 1681 MF regulates when accounts may be sold as to which ID theft has been claimed. And it states that you cannot sell the account if you have received what is called a block, a notice of a block from a credit reporting agency, that they have received a claim of identity theft with respect to that account. And ---- Which counsel argues did not happen here. Yes. And that did not happen here. So that means that under Federal law, we were permitted to sell this account. Okay? There's nothing in Federal law that would ---- Was there an obligation on Experian to have reported and they didn't? Well, they have to be requested, you see. The problem is that they never got a request. They got a request for one account number, but they didn't get a request for the account number in question. For the second year. Okay. So Mr. Sadie eventually sent a letter to Experian in October 2005, shortly before he filed this lawsuit. And at that point, Experian deleted this account from his credit report. And they sent out a block at that time. Well, that was two and a half years after Chase had sold the account. Okay? And so then when this lawsuit was filed, this account was not even on Mr. Sadie's credit record. Not even on his credit report. Well, also, the other thing that we have to bear in mind under 1681MH is that MH says that there is no private right of action for the violation of Section 1681M. And so that is, there's a double whammy here. Not only is the state claim preempted, but under federal law, you can't even bring a, you don't have a private right of action. Okay. Let's go to investigation. 1681MH requires the federal banking agencies to adopt guidelines and regulations, quote, regarding identity theft with respect to account holders. And there have been a lot of regulations adopted under this statute, but I think the one that is most in point is the portion of Regulation Z, which specifically deals with how you're supposed to investigate a claim of identity theft or an authorized charge under a credit card. And it gives guidelines. Yes, they are guidelines. But then it says at the end, it says at the end that you can, as long as you have reasonably investigated the claim, then you can pursue it to collection. Okay. So, and then the preemption provision is, of course, 1681TV5F. Okay. So that's the field preemption. Okay. Even if we don't have field preemption, we can move to conflict preemption under 1681TA, and there's some real conflicts here. I mean, first of all, there is no private right of action under any of the federal statutes involved here. Under 1681S-2, which deals with credit reporting, there's no direct private right of action against the creditor. You have to, there is an indirect right of action, but if you go to the credit reporting agency first and the creditor fails to investigate in response to the credit reporting agency, then you have a private right of action. But there's no direct private right of action. Now, as Mr. Brennan reads the state statute, there is a private right of action. And there is no private right of action under 1681M. Okay. So under state law, under the identity theft statute, it is a private right of action. Okay. Sale of accounts. According to the plaintiff, you are liable under the state statute if you sell the account, if the account holder later proves identity theft by a preponderance of the evidence. Now, under the federal law, you're only liable if you sell the account after receiving notice of a block. And the federal law certainly implies that you can sell it as long as you've conducted a reasonable investigation. Okay. Under federal law, on the investigation, you, of course, have to conduct a reasonable investigation. It's just that the federal law and the state law draw different conclusions from that. You could be liable under the state law even if you had conducted a reasonable investigation. Under federal law, I think there's never been a specific ruling on this, but the statute says that you can go ahead and collect the account after you've conducted a reasonable investigation. Now, let me talk about this investigation and its reasonableness, because I think this is the core of the case here. You know, Chase receives a call from Mr. Sadie that he has gotten his credit card statement, and there's this charge that he didn't make. And they get the information, and they call the merchant right away, almost right away. And the merchant says, I've got the charge slip here, and I also looked at this man's driver's license, and I took down the driver's license number and his date of birth and the other information on it, and I looked at the person on the driver's license, and it was the same as the person who was presenting this card to me. So then Chase called Mr. Sadie and said, could you please send us a copy of your driver's license? And he did, and that driver's license matched exactly the information that the merchant had given Chase as to the driver's license that was presented to it at the time of the transaction. And they asked Mr. Sadie specifically whether his driver's license had ever been compromised, and he repeatedly said that it hadn't. It had always been in his possession, and he didn't have any reason to believe that anybody had had illegal access to that information. And so that was a reasonable basis for concluding that the person that made the charge was Mr. Sadie. And it doesn't have to be, under Federal law, it doesn't have to be necessarily the right decision. It has to be a decision made after a reasonable investigation. Well, the investigation went on because Mr. Sadie kept writing and saying, well, I still disagree with you. And so the first time they wrote, they checked to see whether he'd ever filed a claim that his driver's license had been stolen, lost or stolen. You can't file a claim with a DMV to that effect, and they didn't find any claim. But, you know, we all know that people take some way, get the data about your driver's license, and then make a fake one and put another picture on it. Well, in the context of whether there's a reasonable investigation, when this person says to you repeatedly that my driver's license was never compromised. Well, that doesn't mean that someone we all give our driver's license information in lots of contexts. Well, I appreciate. They give the information off it from which a false one can be made. But we have a merchant actually saying that, you know, I looked at the driver's license, and the person that made the charge was the person whose picture was on that driver's license. Yeah. Of course, we now know that's not enough, but. Well, I think it's enough for a reasonable investigation. And the only other thing I want to say about the investigation is that they didn't just look at it once. They looked at it four different times at four different levels of the organization. Now, I think that's a good indicia of a reasonable investigation. Do you just have the person at the lowest level of authority make the decision? Well, they went up the chain of command to the highest administrative level they could in four successive, in response to four successive letters from Mr. Sadie. So I think that that is a reasonable investigation, even under the state statute. I see I'm just about out of time here. Unless you have any further questions, I'll. I take it that we don't really need to address the motion for an order specifying material facts without substantial controversy? Well, I think that the. I mean, you didn't appeal it, right? No, no, we didn't. But I think the, of course, the decision of the district court should be affirmed. And if it is, that is irrelevant. Thank you. Thank you. My time is limited. I just want to hit a couple of brief points. On the jurisdictional issue, Volume 1, page 10 of the appellate record, this is the pretrial conference order signed by Mr. Weichert on behalf of his client. Plaintiff originally alleged three causes of action against Chase. Plaintiff previously had an alleged and FCRA cause of action against Credit Bureau Experian, but has since settled out the claim. Only Chase remains in this action. Plaintiff has voluntarily dismissed his FCRA and FPCPA claims, leaving only a claim under California's identity theft law. That's signed by Mr. Weichert. Now, claimant. What this court has to understand is how the debt industry works. What we've got is original creditor Chase. They can't collect the debt. They charge it off. They sell it to Debt Collector 1. And, in fact, that's what happened in this case. Then they sell it to Debt Collector 2. If California identity theft law and FCRA does not apply, what happens with the identity theft victim is that the debt collector buys the debt, of course, tries to keep collecting it, and as soon as the victim raises the identity theft cross-complaint, the debt collector sells or assigns the account again. No liability. That can continue indefinitely. However, your client never pays. That's correct. And, in fact, given the normal assignment. I mean, the reason I wanted you to think about this is that your client is not the only one who deals with banks who continue to assign their collections to other banks. Right. I mean, you start out with one person that's your mortgage holder, and before you know it, you're off to New York and Florida and all these kind of places. But the way the identity theft statute works is if anybody's ever going to come after you to collect from you, you have the right, because you didn't even know. I mean, unless you know. The minute you know about such a deal and you're given, it's a notice statute. It isn't something that's going to get rid of immediately. But the minute you know of this identity theft claim, you can raise that as a defense to having to pay whoever it is coming after you. Now, they have a right to go back after the original person who gave it to them, because on assignment, they have to assign something that's valid. And so, therefore, the one who originally did it might, evidently, might pay the person to whom the identity theft claim is raised. However, the whole of this is with assignment. And that's why the claimant can be read as the statute would suggest. Now, I want you to explain your side of that, but as I read it and read the statutory language, because I have no right to second-guess the legislature in the bench. I mean, I have a black robe, but that's it. The legislature makes the law. So if they give the identity theft victim the opportunity to fight that whenever it is sent for collection against him based on that law, whoever it is that's claiming it, then they've satisfied the problem. I have two responses, and I appreciate I'm out of time, but this is obviously an important point to you. Let me add a little fillip to it so when you're answering it, it seems that let's say that you got a judgment against Chase as a claimant. This guy out here with the assignment can still go after you. Is that right? That's absolutely right. They can continue to go after you indefinitely. But do they have the right? I mean, the question is your guy can put up his defenses and doesn't have to pay whoever it is that's claiming it. Here's, I believe, and I want to explain this, and I want to try to do it as succinctly as possible. My client brought an identity theft claim against Chase as the original predator. One of the things my client was asking for in that case was a declaration that he did not owe the debt. Now, he would have to prove that by preponderance of the evidence. It's not one of these things that people can just raise this and sort of run away from it as some debtors do, and we know that there's dishonest debtors as well as dishonest creditors. He has to prove it by preponderance of the evidence, and in this case, we think we have a preponderance of the evidence. If this court is going to adopt the current claimant argument advanced by Chase, you are denying my client and identity theft victims from the opportunity to ever have that debt declared invalid because each and every time whoever owns the debt sues my client or tries to pursue it, they raise an identity theft claim as a cross complaint or as an original action, gets transferred again. The case is no longer valid. It will go on forever, and my client and people in the identity theft realm will never get the opportunity to vindicate themselves. It will go on forever, and the only reason that we have the identity theft law is so Shane Satay can step in against Chase, against Great Seneca, against Metris or whatever the intermediate debt collector is, and hold them in court and get a declaration saying that this debt is no longer valid, so in the future. However, your whole scenario that you have suggested here eliminates when you suggest that at the time they bring the claim, they are, or your client brings the victim identity claim, that that person is the claimant. If that person is the claimant at the time that your client brings the identity theft claim, at that point, just selling it is not going to get them out of the opportunity to have that made, because at the time your client brings the claim, they are the claimant. They purport to claim, and therefore, simply making another sale after that, it does not eliminate that. May I address that? You may. I think that when you read the rejoinder provision, the four-year statute of limitation, and just the common sense interpretation of all statutes, whether or not, as I cited other statutes in the civil code, I think that they have to be the claimant at the time they violate the identity theft statute. And then within four years after that, that's when the cause of action approves, and that's when the victim has to bring the action. They have to be the claimant at the time of the violation, which to me is the most common sense interpretation of the statute. I appreciate your argument. I've gone way over time. If you have any other questions, otherwise I'm going to sit down. Thank you. Thank you all. Page 0656370, Sadie v. J.P. Morgan, Chase & Company, is hereby submitted. We'll now take up Modesta, Aguiar. And by the way, counsel, thank you very much for your arguments. I very much appreciated them. Thank you very much. Case 0474576, Modesta, Aguiar, Gonzalez v. Michael B. Mukasey.
judges: Fletcher, Smith, King